UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

           v.

JOHN BURNS,

               Defendant.

_____

**24-MJ-95-HKS**

**NOTICE OF MOTION**

| | |
|---|---|
| **MOTION BY:** | Erin K. Ryan, Assistant Federal Public Defender, Attorney for John Burns. |
| **DATE, TIME & PLACE:** | Before the Honorable H. Kenneth Schroeder, Jr., United States Magistrate Court Judge, Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, New York, **on the papers submitted.** |
| **SUPPORTING PAPERS:** | Affirmation of Assistant Federal Public Defender Erin K. Ryan, dated September 10, 2024. |
| **RELIEF REQUESTED:** | Release with conditions pursuant to 18 U.S.C. § 3142(c). |
| **DATED:** | September 10, 2024, Buffalo, New York. |

Respectfully submitted,

**/s/ Erin K. Ryan**
Erin K. Ryan
Assistant Federal Public Defender
Federal Public Defender's Office
300 Pear Street, Suite 200
Buffalo, New York 14202
(716) 551-3341; 551-3346 (fax)
Erin_Ryan@fd.org

**TO:**   Richard Antoine
       Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                 v.

JOHN BURNS,

                   Defendant.

_____

**24-MJ-95-HKS**

**AFFIRMATION**


       **ERIN RYAN** affirms under penalty of perjury that:

       I am an Assistant Federal Public Defender for the Western District of New York and I represent Mr. John Burns.  This affirmation is submitted to provide legal support for the defense's request for Mr. Burns' pretrial release with conditions pursuant to 18 U.S.C. § 3142(c).


       <u>**Factual Background and Procedural History**</u>

       On September 5, 2024, Mr. Burns was named in a Criminal Complaint signed by this Court.  Dkt. #1.  He was charged with maliciously damaging and destroying, and attempting to damage and destroy, by means of fire, a building and real property used in interstate commerce and in activity affecting interstate commerce, in violation of Title 18, U.S.C. § 844(i) ("arson").  *Id.*  That same day, at Mr. Burns' initial appearance before this Court, the government moved for his detention pursuant to 18 U.S.C. §§ 3142(f)(1) (claiming that arson is a crime of violence) and 3142(f)(2) (claiming that there was a serious risk that Mr. Burns would flee).  The government later argued that an additional basis for Mr. Burns' detention was that arson, as a crime of violence, created a rebuttable presumption of detention.

The defense objected, arguing that a) arson is not a crime of violence as defined in 18 U.S.C. § 3156(a)(4), and thus does not justify a detention hearing under 18 U.S.C. § 3142(f); b) arson is not one of the offenses specifically enumerated in 18 U.S.C. § 3142(e)(3) that create a rebuttable presumption of detention; and c) the government had failed to meet its burden of proof to establish that Mr. Burns posed a serious risk of flight.

After hearing argument, the Court found that arson is a crime of violence and gives rise to a presumption of detention, setting a detention hearing for September 10, 2024.  The Court did not rule on whether the government had met its burden of establishing that Mr. Burns posed a serious risk of flight.

This affirmation provides legal support for the defense's positions argued at Mr. Burns' initial appearance.

## Governing Law

The Bail Reform Act of 1984 codified the "traditional presumption favoring pretrial release for the majority of Federal defendants."  *United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir. 1986) (internal citations omitted).   The Act thus "limits the circumstances under which a district court may order pretrial detention."  *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).  It also limits the circumstances under which a district court may hold a detention hearing.  *United States v. Watkins*, 940 F.3d 152, 158 (2d Cir. 2019).  Those circumstances include: (1) when a person is charged with one of five subcategories of offenses, including "crime[s] of violence," *see* § 3142(f)(1)(A)-(E); (2) when there is a *serious* risk that a person will flee, *see* § 3142(f)(2)(A); and (3) when there is a serious risk that the accused will attempt to obstruct justice, or threaten, injure, or intimidate a witness or juror, *see* § 3142(f)(2)(B); *see also* *Watkins*, 940 F.3d at 158.

3

"Section 3142(f)(1) thus performs a gate-keeping function by 'limiting the circumstances under which pretrial detention may be sought to the most serious of crimes.'" *Watkins*, 940 F.3d at 158 (quoting *United States v. Salerno*, 481 U.S. 738, 747 (1987)) (internal alterations omitted). As discussed in more detail below, none of those circumstances are present here, and Mr. Burns must therefore be released with conditions under 18 U.S.C. § 3142(c).[1]

A. **Arson Is Not A Crime of Violence Under The Bail Reform Act.**

For purposes of the Bail Reform Act, arson is not a crime of violence. "Although subparagraph 3142(f)(1)(A) employs the term 'crime of violence,' the conventional meaning of that term does not govern the question." *United States v. Dillard*, 214 F.3d 88, 91 (2d Cir. 2000)). Instead, § 3156(a)(4) defines "crime of violence" as follows:

(A) an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property *of another*;

(B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property *of another* may be used in the course of committing the offense; or

(C) any felony under chapter 77, 109A, 110, or 117[2].

*Id.* (emphasis added).

Courts must use the categorical approach to evaluate whether an offense is a crime of violence under § 3142(f)(1)(A). *See Watkins*, 940 F.3d at 163. And other courts have found, in applying the categorical approach to determine whether arson is a "crime of violence" under

---

[1] Here, the government did not allege that Mr. Burns posed a risk of obstruction under § 3142(f)(2)(B) or any other subcategory of § 3142(f)(1)(A)-(E) besides "crime of violence." Accordingly, this affirmation will solely address the government's contentions that Mr. Burns is charged with a crime of violence, that he is charged with an offense that gives rise to a presumption of detention, and that he is a serious risk of flight.

[2] Such felonies are certain sex offenses not pertinent here.

statutes with substantially similar language to that in the Bail Reform Act (such as 18 U.S.C. § 924(c)[3]), that it is not.  For example, in *Brooks v. United States,* No. 94-CR-729 (PKC), 2021 WL 10917568, at *5 (E.D.N.Y. Mar. 11, 2021), the court reasoned: "Because the elements of this statute [18 U.S.C. § 844(i)] can be met by arson of a defendant's own property, it does not categorically require the use of 'physical force against the person or property of another,' … and therefore does not qualify as a crime of violence under the force clause."  *Id.*; *see also United States v. Salas*, 889 F.3d 681, 684 (10th Cir. 2018) (finding that a conviction for 18 U.S.C. § 924(c) predicated on 18 U.S.C. § 844(i) could not be upheld for the same reason); *see also United States v. Wilder*, 834 F. App'x 782, 784 (4th Cir. 2020).  Likewise, in interpreting a substantially similar definition of "crime of violence" found in 18 U.S.C. § 16[4], the Supreme Court found that many state arson laws would not constitute crimes of violence to the extent those laws define arson "to include the destruction of one's own property."  *Torres v. Lynch*, 578 U.S. 452, 466 (2016).

Here, since the offense for which Mr. Burns was arrested can be committed by using force against one's own property, it does not necessarily involve the use of force "against the

---

[3] The definition of "crime of violence" in 18 U.S.C. § 924(c)(3) is almost identical to that of the Bail Reform Act, including any felony that:

    (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*See* 18 U.S.C. § 924(c)(3). However, the second clause of § 924(c)(3), known as the "residual clause," was found unconstitutionally vague by the Supreme Court in *United States v. Davis*, 139 S. Ct. 2319 (2019), leaving in effect the first clause, known as the "force clause."

[4] 18 U.S.C. § 16 defines "crime of violence" as:

    (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.*

person or property of another"; nor does it, "by its nature, involve[] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *See* 18 U.S.C. § 3156(a)(4).

At Mr. Burns' initial appearance, the government cited the federal sentencing guidelines to support its claim that arson is a crime of violence under the Bail Reform Act.  However, the definition of "crime of violence" in the guidelines expressly enumerates several categories of crimes that meet the definition, including arson.  U.S.S.G. § 4B1.2(a)(2).  In contrast, 18 U.S.C. § 3142(f)(1)(A) includes no such list.  Thus, the guidelines definition is inapplicable.  This Court should instead follow the precedent outlined above and find that, since "the arrest offense is not within the statutory definition of 'crime of violence,' no detention hearing will be held (unless the defendant comes within some other provision for detention), and the defendant must be released." *Dillard*, 214 F.3d at 91.

**B.  Arson Is Not A Rebuttable Presumption Offense.**

The government also argued at Mr. Burns' initial appearance that since arson is a crime of violence (which it is not), it creates a rebuttable presumption that Mr. Burns should be detained.  But arson is not a "presumption offense"—regardless of this Court's determination of whether it meets the "crime of violence" standard.

For certain crimes, the Bail Reform Act creates a rebuttable presumption that a person should be detained.  *See* 18 U.S.C. § 3142(e)(3)(A)-(E).  These "presumption offenses" are specifically and exhaustively enumerated in the statute: certain drug crimes punishable by a maximum of 10 years or more; possession of a firearm in furtherance of drug trafficking; conspiracy to kill or injure; human trafficking; terrorism; and certain minor victim crimes.  *Id.* Though that list includes some crimes of violence, it does state that *any* crime of violence creates

a presumption of detention.  *Id.*  Thus, even assuming *arguendo* that arson is a crime of violence

under the Bail Reform Act, it does not give rise to a rebuttable presumption of detention.  *Id.*

    C.  **Mr. Burns Is Not A Serious Flight Risk.**

       In moving for detention, the government must prove by a preponderance of the evidence

that the accused presents a serious risk of flight.  18 U.S.C. § 3142(f)(2)(A); *Friedman*, 837 F.2d

at 49-50.  Here, the government provided scant support for its claim that Mr. Burns poses a

serious flight risk.  When addressing flight specifically (as opposed to alleged danger to the

community), the government mentioned solely Mr. Burns' criminal history, noting that he did

not have any felony convictions, but had DWI convictions from 13-20 years ago.

       However, DWI convictions from over a decade ago do not establish a serious risk that

Mr. Burns will flee, and the government did not present any evidence that Mr. Burns failed to

appear at any court dates or otherwise poses a serious risk of flight.  Further, the defense

proffered that Mr. Burns has strong ties to the community as a lifelong resident of Western New

York with an apartment downtown, recent stable work, and family and friends in the community.

Thus, in light of Mr. Burns' personal characteristics, the government failed to meet its burden of

establishing that a detention hearing is warranted based on the claim that Mr. Burns poses a

*serious* risk of flight. *See Friedman*, 835 F.2d at 49-50 (finding government's contention that

defendant presented a serious risk of flight "because of the nature of the charges against him, the

strength of the government's case, the long sentence of incarceration he may receive, his age and

the obloquy that he faces in the community" insufficient in light of defendant's personal

characteristics).

       For the reasons stated above, the defense requests that the Court use this legal support to

determine that Mr. Burns should be released with conditions (including, for example, inpatient or

outpatient mental health and substance use treatment, electronic home monitoring, and any other

reasonable conditions the Court deems appropriate) pursuant to 18 U.S.C. § 3142(c). The

defense reserves the right to present additional argument and evidence in support of this request.


**DATED:**      September 10, 2024
                Buffalo, New York

                                        Respectfully submitted,

                                        **/s/ Erin K. Ryan**
                                        Erin K. Ryan
                                        Assistant Federal Public Defender
                                        Federal Public Defender's Office
                                        300 Pearl Street, Suite 200
                                        Buffalo, New York 14202
                                        (716) 551-3341; 551-3346 (fax)
                                        erin_ryan@fd.org

**TO:**   Richard Antoine
          Assistant United States Attorney